United States District Court
Southern District of Texas
**ENTERED**
July 19, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEANDRO SANCHEZ, ELISEO VALENCIA, and FATUEL SANCHEZ, § § § Plaintiffs, § § V. § § MANUEL NAVA ZAVALA, Individually and d/b/a ZAVALA'S ROOFING AND SHEET METAL COMPANY, ET AL., § § § § § Defendant. § | CIVIL ACTION NO. H-16-1023 |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this case that has been referred for all further pretrial proceedings is Plaintiffs' Motion for Summary (Document No. 40). Having considered the Motion, the absence of a response, the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion for Summary Judgment (Document No. 40) be GRANTED.

**I.   Background**

This is a case under the Fair Labor Standards Act (FLSA) for overtime. Plaintiffs Leandro Sanchez, Eliseo Valencia, and Fatuel Sanchez allege that they were not paid overtime for the hours they worked in excess of forty hours per week. With their Motion for Summary Judgment, Plaintiffs seek summary judgment against Defendant Manuel Nava Zavala, Individually and d/d/b Zavala's Roofing and Sheet Metal Company ("Zavala") on their overtime claims for the time between April

15, 2014 and March 30, 2015, a period of 49 weeks.[1] According to Plaintiffs, during that 49 week period of time, they each worked approximately 60-70 hours per week and were paid only "straight time" – "the same hourly rate for all of the hours Plaintiffs worked." In support of their Motion for Summary Judgment, Plaintiffs rely on the Requests for Admissions which were served upon Zavala, not answered, and are deemed admitted under FED. R. CIV. P. 36(a)(3), as well as the Declaration of Plaintiff Leandro Sanchez. As of this date, Zavala has not filed a response to Plaintiffs' Motion for Summary Judgment. Plaintiffs' summary judgment evidence is, consequently, uncontroverted.

## II.  Discussion

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law governing the claim at issue determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The moving party bears the burden of identifying evidence that no genuine issue of material fact exists. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S.

---

[1] That 49 week period of time commenced on April 15, 2014, to years prior to the date this case was filed and ended on March 30, 2015, when Plaintiffs suggest that they were no longer employed by Zavala. *See* Motion for Summary Judgment (Document No. 40) at 2.

2

574, 587 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *see Anderson*, 477 U.S. at 248-49, but that evidence need not be in a form that would be admissible at trial. *See Celotex*, 477 U.S. at 324.

The FLSA requires employers to pay time and a pay time and a half for each hour that an employee works in excess of 40 hours, 29 U.S.C. § 207(a), and creates a cause of action for employees against employers that violate these requirements. 29 U.S.C. § 216(b). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). If the plaintiff establishes a prima facie claim, the burden shifts to the defendant to establish that he is exempt from the FLSA's requirements, or otherwise come forward with evidence disproving the plaintiff's alleged damages. *Id.*

Here, Plaintiffs Leandro Sanchez, Eliseo Valencia, and Fatuel Sanchez have submitted uncontroverted summary judgment evidence to support their FLSA claims against Zavala. The

requests for admissions Zavala did not answer, and which are deemed admitted,[2] are uncontroverted summary judgment evidence that:

> Zavala had gross revenue in excess of $500,000 in 2015, 2016, 2017 and 2015
>
> Zavala had at least two full time employees in 2015, 2016, 2017 and 2018 who: (1) were engaged in commerce; (2) regularly communicated with persons outside of the State of Texas on Zavala's behalf; (3) used goods, tools or products manufactured outside of the State of Texas; and (4) regularly used a telephone to communicate with persons outside of the State of Texas
>
> Plaintiffs worked for Zavala in 2015, 2016, 2017 and 2017 as non-exempt employees
>
> Plaintiffs worked more than 40 hours per week in 2015, 2016, 2017 and 2018
>
> In 2015, 2016, 2017 and 2018, Zavala did not pay Plaintiffs one and a half times their regular rate of pay for the hours Plaintiffs worked over 40 in the workweek
>
> In 2015, 2016, 2017 and 2018, Zavala paid Plaintiffs on an hourly basis, and paid them the same hourly rate for all hours worked

(Document Nos. 40-3). In addition, Zavala states in his Declaration, the contents of which have also not been controverted, that:

> 1.      I was employed by Manuel Nava Zavala, d/b/a Zavala's Roofing and Sheet Metal Company ("Zavala") from 2008 to about March 30, 2015, as a construction worker. On or around March 30, 2015, Jim R. Wimberly came into the business and it started to use the name Exterior Architectural Systems, LLC. At that time my coworkers and I were transferred over to that business and we started to get paid differently. Later, that business used the name SLM Construction Services, LLC.
>
> 2.      During my employment with Zavala, I worked as a fabricator at the shop as well as in the field as an installer. My duties included working with sheet metal, assembling panels, and installing them on buildings, as well as other general construction work. I operated fork lifts, booms, scissor lifts, and other heavy machinery.

---

[2] Under FED. R. CIV. P. 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

> 3. Through my employment I regularly worked well over 40 hours per week. Usually I worked, on average, about 60-70 hours per week, sometimes more. Often when it rained we did more indoor work, for example, fabricating panels in the shop.
>
> 4. I often worked alongside Fatuel Sanchez-Muñoz and Eliseo Valencia on the same jobs. Sometimes Mr. Sanchez-Muñoz worked more in the shop doing fabrication, and sometimes Mr. Valencia did more work in the field as a roofer. We saw the hours we were all working and talked to each other on a regular basis about our work hours and pay. I also turned in our timesheets to Zavala and regularly saw the hours we were all working. We all regularly worked an average of about 60-70 hours per week, and sometimes more.
>
> 5. During the last few years of my employment with Zavala, to the best of my recollection, I was paid $13 per hour, Mr. Sanchez-Muñoz was paid $15 per hour, and Mr. Valencia was paid $12 per hour.
>
> 6. Zavala did not pay me or Mr. Sanchez-Muñoz or Mr. Valencia time and a half for the hours over 40 that we worked in the week. Zavala paid us "straight time," that is, the same hourly rate for all of the hours we worked.

(Document No. 40-1 at 1-2). This uncontroverted summary judgment evidence supports all the required elements of Plaintiffs' FLSA overtime claims, including a reasonable estimate of Plaintiffs' damages. *Olibas v. Barclay*, 838 F.3d 442, 450 (5th Cir. 2016) ("FLSA damages may be estimated"). It also supports an award of liquidated damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

### III. Conclusion and Recommendation

Based on the uncontroverted summary judgment evidence in the record which shows that Defendant Manuel Nava Zavala, Individually and d/b/s Zavala's Roofing and Sheet Metal Company violated the FLSA when he failed to pay Plaintiffs overtime between April 15, 2014 and March 30,

2015, that a reasonable approximation of the overtime which should have been paid to Plaintiff Leandro Sanchez is $6370.00, to Plaintiff Eliseo Valencia is $7350.00, and to Fatuel Sanchez-Muñoz is $5880.00, and that liquidated damages in an amount equal to that owed as overtime wages has not been shown by Defendant Zavala to be unwarranted, the Magistrate Judge

RECOMMENDS that Plaintiffs' Motion for Summary Judgment (Document No. 40) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), FED.R.CIV.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 19th day of July, 2019

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE